An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-916

Filed 5 August 2026

Cabarrus County, Nos. 21CR054264-120, 21CR054266-120

STATE OF NORTH CAROLINA

v.

DAVIONE LAMOND MACKEY, Defendant.

Appeal by defendant from judgement entered 23 January 2025 by the Judge William T. Stetzer in Cabarrus County Superior Court. Heard in the Court of Appeals 14 July 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Hailey M. Cleek, for the State.*

> *Ryan Legal Services, PLLC, by John E. Ryan III for defendant-appellant.*

PER CURIAM.

Defendant Davione L. Mackey challenges the judgment entered consistent with the jury's verdict. For the forgoing reasoning, we conclude Defendant received a fair trial, free of reversible error.

## I. Background

During an evening in November 2021, the officers with the Kannapolis Police Department ("KPD") arrested Defendant in Cabarrus County pursuant to a Guilford County warrant. KPD officers, surveilling an apartment complex in the area, observed Defendant exit a white Dodge Charger or Challenger from the driver's side and lock the vehicle. The vehicle had no passengers. The officer testified that he recognized Defendant and approached him pursuant to the outstanding warrant. As the officer approached, Defendant fled but was later apprehended and detained. Officers searched Defendant and found loose cash, two round blue pills, a cell phone, and car keys.

Based to an odor of "raw" marijuana emanating from Defendant's Dodge, KPD officers searched the vehicle and found the following: (1) a torn plastic bag containing small round blue pills in the center console, (2) a black backpack containing a clear plastic bag with marijuana, (3) a vacuum sealed bag of marijuana, and (4) a digital scale. At trial, the State provided expert testimony showing the blue pills seized contained fentanyl.

During trial regarding the 2021 charge, evidence was admitted regarding a similar offense Defendant was charged with in October 2023. The testimony admitted at trial is as follows: in October 2023, while out on bond for the 2021 case, a Charlotte Mecklenburg Police Department ("CMPD") officer observed Defendant driving a white Audi in uptown Charlotte, conducted a traffic stop on Defendant, and arrested Defendant. During the arrest, the CMPD officer smelled "fresh" marijuana.

After searching the vehicle, the officer found (1) a backpack with a plastic bag of marijuana, (2) a pill bottle containing white oblong pills, (3) a digital scale, and (4) $100.00 in cash. Expert testimony from the State indicated the pills contained oxycodone.

On a 404(b) motion by the State, the trial court found that the 2023 case and the 2021 case shared similarities and concluded the 2023 case was admissible to show knowledge, intent, common scheme or plan, and *modus operandi*. Defense counsel objected to the admission of the 2023 case through two State witnesses, and the trial court overruled and provided the jury with a limiting instruction. Defendant appeals.

## II.    Analysis

The issue in this case is whether the trial court admitted the 2023 case for a proper purpose and if not, whether the admission prejudiced Defendant.

On appeal, "[w]e review de novo the legal conclusion that the evidence is, or is not, within the coverage of Rule 404(b)." *State v. Beckelheimer,* 366 N.C. 127, 130 (2012). Next, "if an appellate court reviewing a trial court's Rule 404(b) ruling determines in accordance with these guiding principles that the admission of the Rule 404(b) testimony was erroneous, it must then determine whether that error was prejudicial." *State v. Pabon*, 380 N.C. 241, 260 (2022). "The test for prejudicial error is whether there is a reasonable possibility that, had the error not been committed, a different result would have been reached at trial." *State v. Scott*, 331 N.C. 39, 46

(1992) (citation omitted). "The burden of showing prejudice . . . is upon the defendant." *Id.* (citation omitted)).

Rule 404(b) permits "[e]vidence of other crimes, wrongs, or acts" to be used to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." N.C.G.S. § 8C-1, Rule 404(b). The list found in Rule 404(b) is "not exclusive, and such evidence is admissible as long as it is relevant to any fact or issue other than the defendant's propensity to commit the crime." *State v. White*, 340 N.C. 264, 284 (1995).

While on trial for the 2021 case, the State offered evidence of the 2023 case pursuant to North Carolina Rule of Evidence 404(b) for knowledge, intent, plan, common plan or scheme, and *modus operandi*. At that time, the 2023 case had not gone to trial, and no plea had been entered.

Here, the evidence and facts related to the 2023 arrest are sufficiently similar to the charged acts to be admissible under Rule 404(b).[1] For example, in both offenses Defendant was in possession of illegal substances weighing more than what would normally be found on a person possessing them for personal use. In both instances, Defendant kept the illegal substances in vacuum sealed bags inside a dark colored backpack. Additionally, Defendant was found in possession of narcotics, a digital scale, and cash. Finally, in both offenses, Defendant ran from the vehicle when

---

[1] Defendant argues the instant case and 2023 case are not sufficiently unique, however, *Beckelheimer* instructs us the similarities need not be unique or bizarre. *See* 366 N.C. at 131.

officers attempted to approach him. Therefore, given the similarities in the incidents and the relative remoteness in time, we hold that the evidence was relevant pertaining to modus operandi, knowledge, and intent.

Defendant next argues that admission of the evidence was unfairly prejudicial as defined by N.C.G.S. § 8C-1, Rule 403. However, review of the record demonstrates that the trial court was aware of the potential prejudice and provided the jury with a proper limiting instruction. *See State v. Hipps*, 348 N.C. 377, 405–06 (1998) (reviewing Rule 403 rulings for an abuse of discretion and stating that a limiting instruction is a permissible cure for potential prejudice). We conclude the limiting instruction by the trial court cured any unfair prejudice risk under Rule 403. *See* N.C.G.S. § 8C-1, Rule 403; *see also State v. Tirado*, 358 N.C. 551, 581 (2004) (citing *Parker v. Randolph*, 442 U.S. 62, 73 (1979)) (stating the law presumes jurors follow the trial court's instructions).

## III. Conclusion

For the reasoning stated above, we hold the trial court did not err in admitting the evidence of the 2023 act during trial, and any potential prejudice was cured by the proper limiting instruction. Therefore, Defendant received a fair trial free of reversible error.

NO ERROR.

Panel consisting of Chief Judge DILLON and Judges WOOD and GORE.

Report per Rule 30(e).